IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marc Kendell Verderosa, #273952 ) | C/A No. 6:14-3845-MGL-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Chad Propst, 13th Circuit Public Defenders ) | |
| Office; Donna Beardon; 13th Circuit Public ) | |
| Defenders Office; Greenville County d/b/a ) | |
| Magistrates Office, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Marc Kendell Verderosa ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. It appears that Plaintiff is a pretrial detainee at the Greenville County Detention Center ("GCDC") in Greenville, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## BACKGROUND

Plaintiff alleges he has been detained on a state misdemeanor charge in the GCDC for more than 90 days while awaiting a court date in general sessions. [Doc. 1-2 at 3.] He alleges he has a public defender, Defendant Chad Propst ("Propst"), who "has failed to assist me in getting a preliminary hearing, a bond reduction hearing, and a fair and speedy trial." [*Id*.; Doc. 1 at 3.] Further, he alleges the public defender's office "should supervise their lawyers better"; if it had done so, Propst would have done his job correctly. [Doc. 1-2 at 3; Doc. 1 at 3.]

Plaintiff alleges that Defendant Donna Beardon ("Beardon") and the "Greenville County Magistrates Office" have failed to permit him access to the courts and violated his

right to due process. [Doc. 1-2 at 3; Doc. 1 at 4.] Specifically, he alleges he sent "the required paperwork within the time alotted (sic)" in his effort to obtain a preliminary hearing, but they would not allow him "to address the courts." [*Id*.] Plaintiff alleges that he "could have been found not guilty within the first 14 days of my detention if my personal rights were preserved for a preliminary hearing." [*Id*.] He allegedly has lost his job because of the lengthy detention. [*Id*.]

Plaintiff requests damages, and he seeks to have the criminal case dismissed and his record cleared. [Doc. 1-2 at 4; Doc. 1 at 5.]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2)

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and

laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

This action is subject to dismissal because the Defendants are not subject to suit. Beardon, allegedly employed in the Greenville County Magistrate's Office, is entitled to quasi-judicial immunity. Plaintiff alleges that Beardon failed to permit him access to the courts and violated his right to due process by refusing to allow him to address the courts to obtain a preliminary hearing after he sent the required paperwork. Clerks of court and other court support personnel are entitled to immunity similar to judges when performing tasks so intertwined with the judicial process that these persons are considered an arm of the judicial officer. *See Jarvis v. Chasanow*, 448 F. App'x 406 (4th Cir. 2011); *Stevens v. Spartanburg Cnty. Probation, Parole, and Pardon Serv.*, C/A No. 6:09-795-HMH-WMC, 2010 WL 678953, at *7 (D.S.C. Feb. 23, 2010). "Absolute immunity 'applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function.'" *Jackson v. Houck*, 181 F. App'x 372, 373 (4th Cir. 2006) (quoting *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993)). Here, the alleged wrongful acts were intertwined with the magistrate office's judicial functions of filing legal paperwork, and Beardon should have quasi-judicial immunity from this lawsuit.

Plaintiff sues "Greenville County d/b/a Magistrates Office" for the same reasons he sues Beardon—it allegedly refused to allow him to address the courts to obtain a

preliminary hearing after he sent the required paperwork.  Although a local government such as Greenville County may be liable under § 1983, the county may not be held liable solely because it employs the tort-feasor; rather, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury.  *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397 (1997); *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) ("municipalities are not liable pursuant to respondeat superior principles for all constitutional violations of their employees simply because of the employment relationship") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978).  Because Plaintiff has alleged no policy or custom that caused a violation of his constitutional rights, Greenville County should be dismissed.

Propst, Plaintiff's public defender, should be summarily dismissed from this action because he did not act under color of law.  An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.  *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (noting that a publicly assigned or privately retained counsel for a criminal defendant is not ordinarily considered a state actor); *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–24 & nn. 8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 & nn. 2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney).  In *Hall*, the district court had disposed of the case against a physician and a court-appointed attorney on grounds of immunity.  Although affirming the district court's order, the Court of Appeals indicated that lower courts should first determine whether state action occurred:

5

> [I]mmunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall*, 631 F.2d at 1155 (citations omitted); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Because Propst has not acted under color of state law, Plaintiff fails to state a cognizable claim against him under 42 U.S.C. § 1983.

Plaintiff seems to bring suit against the 13th Circuit Public Defender's Office for failure to properly train its public defenders. Because it is well settled that only "persons" may act under color of state law, a defendant in a § 1983 action must qualify as a "person." Use of the term "office," without the naming of specific office members, is not adequate to state a claim against a "person" as required in § 1983 actions, and groups of people are not amenable to suit under § 1983. *See Graves v. Stevens*, C/A No. 3:12-826-JFA-SVH, 2013 WL 2423798, at *2 (D.S.C. June 4, 2013) (finding that the Sumter County Public Defender's Office is not a person under § 1983), *aff'd*, 540 F. App'x 203 (4th Cir. 2013); *see also Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983). Moreover, the 13th Circuit Public Defender's Office has not acted under color of state law. *See Morrison v. Orangeburg Cnty. Court House*, C/A No. 9:13-1945-MGL, 2013 WL 6157929, at *4 (D.S.C. Nov. 22, 2013) (finding that the Orangeburg County Public Defender's Office as well as the

attorneys in that office did not act under color of state law).  Therefore, Plaintiff fails to state a § 1983 claim on which relief may be granted as to the 13th Circuit Public Defender's Office.

Finally, as part of his relief, Plaintiff seeks to have the criminal case dismissed and his record cleared.  In other words, Plaintiff requests this Court to interfere with or enjoin the pending state criminal prosecution against him.  However, because a federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances, this Court should abstain from interfering with it.  In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).  The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief.  *Younger v. Harris*, 401 U.S.  37, 43-44 (1971); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."  *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  Here, Plaintiff is involved in ongoing state criminal proceedings.  The second

criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also decided the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). This Court finds that Plaintiff can raise his federal constitutional rights in the state proceedings. Therefore, to the extent Plaintiff seeks to enjoin the pending state criminal proceedings against him, this Court should abstain from hearing this action.

## RECOMMENDATION

It is recommended that the District Court dismiss this action without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

s/ Jacquelyn D. Austin
United States Magistrate Judge

November 5, 2014
Greenville, South Carolina

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).